FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/17/2025 4:19 PM
JAMIE SMITH
DISTRICT CLERK
25DCCV1327

CAUSE NO. _____

| | | |
|---|---|---|
| JAMES J. FLANAGAN SHIPPING CORP.<br>*Plaintiff* | § § § | IN THE DISTRICT COURT |
| VS. | § § § | _____ JUDICICAL DISTRICT |
| DISCOUNT FORKLIFT DALLAS INC. and<br>DISCOUNT FORKLIFT COLORADO, INC<br>*Defendants* | § § § § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES Plaintiff, JAMES J. FLANAGAN SHIPPING CORP, complaining of Defendants, DISCOUNT FORKLIFT OF DALLAS INC. and DISCOUNT FORKLIFT COLORADO, INC. and for cause of action would show the Court the following:

### Discovery Control Plan

As provided in Rule 190, Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

### Plaintiff

Plaintiff, JAMES J. FLANAGAN SHIPPING CORP., is a corporation whose address is 595 Orleans, Suite 1500, Beaumont, Texas 77701.

### Defendant

Defendant, DISCOUNT FORKLIFT OF DALLAS INC., is a Texas corporation and may be served with process by serving Brian Firkins, its registered agent, or an Officer of the Company by personal delivery at the registered agent's office located at 4650 Cole Ave., Apt # 239, Dallas, Texas 75205, or wherever they may be found.

Defendant, DISCOUNT FORKLIFT OF COLORADO INC., is a Colorado corporation and may be served with process by serving Brian Firkins, its registered agent, or an Officer of the Company by personal delivery at the registered agent's office located at 4905 Lima Street, Denver, CO, 80239, or wherever they may be found.

### Venue

Venue is proper in this county in that the events giving rise to this cause of action occurred within Jefferson County.

## Jurisdiction

The damages sought in this suit are within the jurisdictional limits of the Court. As required by Rule 47, Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief over $1,000,000.00 but not more than $10,000,000.00.

## Notice of Claim

Plaintiff delivered written notice of this claim to Defendant on 3/17/2024, advising Defendant in reasonable detail of the specific complaint made the subject of this action and the amount and nature of the damages and expenses sought.

## Facts – Breach of Contract / Agreement

On January 5, 2024, James J. Flanagan Shipping Corp. and Discount Forklift Inc. entered into a buyers agreement for several forklifts.

The agreement stated that the forklifts bought would be delivered in good working condition.

Defendant failed to fully perform all obligations under the agreement with Plaintiff.

James J. Flanagan Shipping Corp has fully performed all obligations under the agreement with Defendant.

## Facts – Deceptive Trade Practices Act

James J. Flanagan Shipping Corp, Plaintiff and Discount Forklift of Dallas Inc., entered into a purchase agreement on January 5, 2024. A copy of the purchase agreement is attached hereto as Exhibit "A" and incorporated by referenced herein for all purposes as if set forth hereunder.

Plaintiff's Notice of Claim is attached hereto as Exhibit "B" and incorporated herein by reference as if set forth in its entirety hereunder.

Discount Forklift of Dallas, Inc failed to resolve the issues with the equipment after being noticed of the breach and violations. Discount Forklift of Dallas Inc. has continued to be in breach of their agreement with their Plaintiff.

James J. Flanagan Shipping Corp., completed their obligations under the agreement and delivered payment to the Defendant as agreed.

All conditions precedent to the filing of this action have been met.

## Causes of Action

### Fraudulent Inducement

In addition to all other facts stated herein, Plaintiff would show the Court the following:

Defendant failed to properly disclose the condition of each Forklift purchased by Plaintiff. Defendant's representations of the equipment purchased was not supported by the condition of the each unit. Defendant made false representation on each unit purchased by the Plaintiff.

The above described statements and representations were material and were made knowing they were false when made, or they were made recklessly without regard for the truth.

The above described statements and representations were made with the intent that Plaintiff rely on them, and Plaintiff did rely on them when entering into the agreement.

Defendant omitted key elements regarding the condition of each forklift purchased by Plaintiff.

The above described omissions were made with the intent that Plaintiff rely on them, and Plaintiff did rely on them when entering into the contract.

As a result of Defendant's fraud, Plaintiff has been damaged for which Plaintiff requests judgment.

### Fraud

In addition to all other facts stated herein, Plaintiff would show the Court the following:

Defendant failed to properly disclose the condition of each Forklift purchased by Plaintiff. Defendant made a representation that each Forklift was in good condition and would be able to be used in the capacity for which the Forklifts were purchased for.

The above described statements and representations were material and were made knowing that they were false when made or they were made recklessly without regard for their truth. Additionally, such representations were made knowing that Plaintiff was not aware of such facts and did not have an equal opportunity to discover the truth. Defendant's conduct was an abuse of trust and confidence Plaintiff had placed in Defendant.

The above described statements and representations were made with the intent that Plaintiff rely on them, and Plaintiff did rely on them when entering into the agreement.

Defendant omitted facts regarding each Forklift purchased by the Plaintiff that caused Plaintiff unforeseen expenses.

The above described omissions were material and were made with knowledge that the failure to disclose them was a material omission. Additionally, such representations were made knowing that Plaintiff was not aware of such facts and did not have an equal opportunity to discover the

truth. Defendant's conduct was an abuse of the trust and confidence Plaintiff had placed in Defendant.

The above described omissions were made with the intent that Plaintiff rely on them, and Plaintiff did rely on them when entering into the agreement.

As a result of Defendant's fraud, Plaintiff has been damaged, for which Plaintiff requests judgment.

### Negligent Misrepresentation

Defendant made false representations of material facts to Plaintiff in the regular course of Defendant's business, profession or employment, or in the course of a transaction in which Defendant has a pecuniary interest.

The representations made by Defendant were false.

Defendant made these false representations to Plaintiff without exercising reasonable care or competence in obtaining or communicating the information.

Defendant made these false representations with the intention that Plaintiff act on such representations.

Plaintiff did in fact rely on such false representations.

As a result of Defendant's negligent representation, Plaintiff has been damaged, for which Plaintiff requests judgment.

### Specific Performance

Monetary damages are an inadequate remedy for the injuries suffered by Plaintiff as a result of Defendant's breach because the necessity of the equipment, subject of the agreement, was a necessary part of Plaintiff's Day to day operations as a Shipping and Stevedoring Company. Plaintiff therefore asks the Court to order specific performance of the agreement.

### Deceptive Trade Practices Act

Defendant's conduct constituted violations under the Texas Deceptive Trade Practices Consumer Protection Act (Texas Business and Commerce Code, Shapter 17.41, et seq.)("the Act"). Defendant is liable to Plaintiff under Sec 17.50, Texas Business and Commerce code because Defendant's conduct constituted a producing cause of economic damages and damages for mental anguish sustained by Plaintiff through the following means:

Defendant used or employed false, misleading, or deceptive acts or practices that are specifically enumerated in Section 17.46(b) of the Act and that were relied on by Plaintiff to Plaintiff's detriment. Defendant's conduct violated the following specifically enumerated acts or practices listed in that section, all in violation of Section 17.50 (a)(2) of the Act:

b. causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

e. representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

g. representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

h. disparaging the goods, services, or business of another by false or misleading representation of facts;

l. representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

m. knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service;

t. representing that a guaranty or warranty confers or involves rights or remedies which it does not have or involve, provided, however, that nothing in this subchapter shall be construed to expand the implied warranty of merchantability as defined in Sections 2.314 through 2.318 and Sections 2A.212 through 2A.216 to involve obligations in excess of those which are appropriate to the goods;

v. representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced;

x. failing to disclose information concerning goods or services which was know at the time of the transaction if such failure to disclose such information was intended to induce consumer into a transaction into which the consumer would not have entered had the information been disclosed.

## Additional Causes of Action

Defendant made false representations of material facts to Plaintiff knowing that such misrepresentations were false, or with reckless disregard for the truth of such representations, with the intention that Plaintiff act on such representations. Plaintiff did in fact rely on such false representations.

Defendant concealed or failed to disclose material facts that were within the Defendant's knowledge knowing that Plaintiff did not have such knowledge and knowing that Plaintiff did not have an equal opportunity to discover the truth. It was Defendant's intention to induce Plaintiff to enter into the transaction by such concealment and Plaintiff would have not entered into the transaction but for such concealment.

These fraudulent actions by Defendant were a proximate cause of the damages sustained by Plaintiff.

Defendant's conduct constituted breach of contract which was a proximate cause of the damages sustained by Plaintiff.

### Exemplary Damages

The conduct of Defendant as described above constituted fraud, malice, and gross negligence.

Plaintiff seeks exemplary damages as provided in Section 41.003, Texas Civil Practice and Remedies Code in an amount not to exceed three times the economic damages, for which Plaintiff requests judgment.

### Economic Damages

As a result of Defendant's conduct, Plaintiff suffered economic damages as defined in Section 41.001, Texas Civil Practice and Remedies Code in the amount of seven million dollars ($7,000,000.00) for which Plaintiff requests judgment.

### Attorney's Fees and Costs

Plaintiff requests judgment for reasonable attorney fees and costs under Sections 37.009 and Chapter 38, Texas Civil Practice and Remedies Code.

### Alternative Pleadings

As provided in Rule 48, Texas Rules of Civil Procedure, claims for relief made in this petition are presented in the alternative when necessary to preserve such claim.

### Jury Demand

Plaintiff hereby requests a jury trial.

### Required Initial Disclosures

As provided in Rule 194, Texas Rules of Civil Procedure, required Initial Disclosures of all items listed in Rule 194.2 must be made at or within 30 days after the filing of the first answer unless a different time is set by the parties agreement or court order.

Plaintiff asks the Court to keep the requirement of Initial Disclosures to be made within 30 days.

### Prayer

Plaintiff prays that citation be issued commanding Defendant to appear and answer herein and that Plaintiff be awarded judgment against Defendant for the relief requested herein and for all other relief to which Plaintiff is entitled both in equity and at law.

Respectfully Submitted

William Marcus Wilkerson
Attorney for Plaintiff
TBN: 24073708
595 Orleans, Suite 1115
Beaumont, Texas 77701
Telephone: 409-212-9655
Facsimile: 409-212-9657
Email: wmarcuswilkerson@gmail.com
CC: wmwilkersonlawoffice@gmail.com